UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD CARR, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:20-1209 |
| v. | : | (JUDGE MANNION) |
| SMOLKE et al., | : | |
| Defendants. | : | |

## ORDER

Pending before the court is plaintiff's motion to appoint counsel. (Doc. 41). Plaintiff has filed a brief in support of his motion. (Doc. 42). Defendants have not filed a brief in opposition and the time to do so has expired. As such, the motion is ripe for disposition.

### I.  DISCUSSION[1]

In this case, there is neither a constitutional nor a statutory right to counsel for inmate civil litigants. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Rather, a district court has broad discretion to appoint counsel under 28 U.S.C. §1915(e)(1), which provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Courts should

---

[1] The court's previous memorandum, (Doc. 38), sufficiently explained the background of the case and will not be repeated herein.

first "determine that the plaintiff's claim has some arguable merit in fact and law" and then look to six factors that, while not dispositive, should guide the judge's determination. <u>Seawright v. Kyler</u>, 02–CV–1815, 2006 WL 709118, *2 (M.D. Pa. 2006). These include:

> (1) the plaintiffs ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf. <u>Parham v. Johnson</u>, 126 F.3d 454, 457 (3d Cir.1997) (citing <u>Tabron</u>, 6 F.3d at 155–56, 157 n. 5).

This court previously denied the defendants' motion for summary judgment, which indicates that plaintiff's claims have some arguable merit in fact and law. Turning to the <u>Tabron</u> factors, plaintiff is able to present his own case. Carr's filings so far indicate that he has been able to file motions, amend his complaint, and file briefs that assert his arguments. <u>Lasko v. Watts</u>, 373 Fed.Appx. 196, 201 (3d Cir. 2010). Additionally, he has been able to clearly relay the facts pertaining to his case. The legal issues are not overly complex so as to require counsel. The case does not appear to require a significant amount of factual investigation, and plaintiff has been able to sufficiently investigate his claims. Additionally, Carr has been able to recall and explain the circumstances surrounding the events at issue. This case

will likely not turn on a credibility determination. It does not appear that the testimony of expert witnesses will be required, but the court has the ability to appoint counsel later in the proceedings if circumstances change. Lasko, 373 Fed.Appx. at 201. Lastly, the sixth factor favors the plaintiff because he is proceeding *in forma pauperis*. However, after considering all six Tabron factors, this court finds that counsel should not be appointed.

The Third Circuit has emphasized, volunteer lawyers are a scarce resource, which should not be expended indiscriminately. Parham, 126 F.3d at 458. As courts within the district have explained, "Courts have an obligation to ensure that this resource is allocated to the cases of the greatest merit and to those plaintiffs in greatest need of assistance of counsel." Benchoff v. Yale, No. 3:11-CV-1106, 2012 WL 4061218, at *4 (citing Tabron, 6 F.3d at 157). The current case does not necessitate utilizing such a scare resource.

In light of the foregoing, **IT IS HEREBY ORDERED THAT:**

**(1)** Plaintiff's motion to appoint counsel, **(Doc. 41)**, is **DENIED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 10, 2022**
20-1209-01